UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAUDO FOFANA,

    Petitioner,

v.

NEIL CLARK, et al.,

    Respondents.

CASE NO. C06-924-JLR-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

On August 2, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement. (Dkt. #7). Petitioner requests that he be released from custody, alleging that he is being held indefinitely, contrary to the mandate in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). This is petitioner's second habeas petition filed in this Court in which he challenges his continued detention. See Case No. 05-1775-RSM. In the former proceeding, the Honorable Ricardo S. Martinez denied petitioner's habeas petition on the merits. Petitioner's appeal of the District Court's decision in that case is currently pending before the Ninth Circuit Court of Appeals. Court of Appeals Dkt. #06-35622.

Respondents have moved to dismiss, arguing that petitioner is properly detained under the

REPORT AND RECOMMENDATION
PAGE – 1

Attorney General's discretion under Section 241 of the Immigration and Nationality Act ("INA"), and that petitioner's detention is neither unlawful nor indefinite.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #7) be DENIED and that respondents' motion to dismiss (Dkt. #13) be GRANTED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Gambia. On February 16, 2002, he entered the United States at New York, New York using a Gambian passport under the name Muhammad Fofana. (Dkt #18 at R114, R169, L215-17). The passport listed petitioner as a native and citizen of Gambia with a date of birth of August 10, 1970. *Id.* Petitioner was admitted to the United States as a B-2 non-immigrant visitor for pleasure. *Id.* On February 13, 2003, petitioner filed an application for asylum under the name Maudo Fofana. (Dkt. #18 at L173-83, L311). Although petitioner was admitted as a B-2 visitor with a Gambian passport, he claimed that he was a citizen of Sierra Leone, and was born on January 7, 1972. *Id.*

On August 11, 2004, the U.S. Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, placing petitioner in removal proceedings and charging him with removal under Section 237(a)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(A), as an alien who was inadmissable at the time of his admission for not having a valid immigration visa or other valid entry document. (Dkt. #18 at L 154-55). On November 18, 2004, petitioner was arrested and taken into custody by the FBI, and charged with the crime of Fraud Related to Immigration Documents under 18 U.S.C. § 1546(a), for knowingly and falsely making an asylum application. (Dkt. #18 at L241-50). On December 3, 2004, petitioner was transferred to ICE custody pursuant to an arrest warrant. (Dkt. #18 at R111-14). ICE determined that petitioner should remain detained, finding that he is likely to abscond and is a flight risk. (Dkt. #18 at R112-13). Petitioner requested a bond redetermination hearing before

REPORT AND RECOMMENDATION
PAGE – 2

an Immigration Judge ("IJ"). (Dkt. #18 at L6). On December 13, 2004, the IJ issued an order denying petitioner bond on the basis that he was a flight risk. (Dkt. #18 at L16). On December 27, 2004, petitioner appealed the IJ's bond decision to the Board of Immigration Appeals ("BIA"). (Dkt. #18 at R129-30). On March 8, 2005, the BIA affirmed the IJ's order denying bond. (Dkt. #18 at R281-82).

On July 11, 2005, petitioner appeared, with counsel, for a master hearing before an IJ. (Dkt. #18 at R287). At the hearing, petitioner admitted that he had entered the United States on February 16, 2002, as a B-2 visitor using a Gambian passport under the name of Muhammad Fofana, and that he had subsequently submitted an application for asylum under the name Mauda Fofana, asserting that he was a citizen of Sierra Leone. (Dkt. #16, Ex. A at 4). On August 3, 2005, the IJ pretermitted petitioner's application for asylum, finding that petitioner knowingly submitted a frivolous asylum application using counterfeit Sierra Leone identity documents, and ordering petitioner removed from the United States to Gambia for failing to possess a valid immigration visa. (Dkt. #18 at R291-304). On August 25, 2005, petitioner appealed the IJ's order of removal to the BIA. (Dkt. #18 at R307-10). On November 9, 2005, petitioner pled guilty to the crime of Fraud Related to Immigration Documents in violation of 18 U.S.C. § 1546(a). (Dkt. #16, Ex. A). In the plea agreement, petitioner admitted to knowingly and falsely making an asylum application. *Id*. at 4.[1]

On January 8, 2006, the BIA dismissed petitioner's appeal of the IJ's removal order. (Dkt. #13, Ex. 4). Petitioner appealed the BIA's decision, which is currently pending before the Ninth Circuit. The Court of Appeals granted petitioner's motion for stay of removal pending its

---

[1] Petitioner subsequently filed a motion to withdraw his guilty plea. (CR 04-511R, Dkt. #166). On February 7, 2006, following a hearing on the merits, the Honorable James L. Robart denied petitioner's motion to withdraw his guilty plea. (CR 04-511R, Dkt. #176).

REPORT AND RECOMMENDATION
PAGE – 3

decision. (Dkt. #13, Ex.5).

On September 4, 2006, ICE officials conducted a Post Order Custody Review and denied petitioner supervised release on bond. (Dkt. #13, Ex. 6). The custody review worksheet indicates that petitioner "has not indicated any close family ties in the United States," and "has not indicated any community ties or non-governmental sponsors." *Id.* In addition, ICE officials indicated that petitioner has a valid Gambian passport, and that "there is a significant likelihood of removal upon the ruling by the appellate court." *Id.*

### III.  DISCUSSION

#### A.  Congressional Regulation of Immigration

Petitioner claims in his habeas petition that Congress has no authority to set forth rules to deport any person from the United States, and that the deportation of aliens is a violation of the Due Process Clause of the Fifth Amendment. (Dkt. #7 at 4-46). Petitioner's contention that Congress lacks the authority to deport aliens is meritless. "Courts have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments." *See, e.g., Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 210, 73 S. Ct. 625, 97 L. Ed. 2d 956 (1953). Although the Constitution contains no express mandate relating to immigration matters, the Supreme Court has long recognized that the political branches of the federal government have plenary authority to establish and implement substantive and procedural rules governing the admission of aliens into the United States. *See, e.g., Fong Yue Ting v. United States*, 149 U.S. 698, 701-11, 13 S. Ct. 1016, 37 L. Ed. 2d 905 (1893). Accordingly, petitioner's claim must be dismissed.

#### B.  Detention

Petitioner also argues that he is being held indefinitely, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and that he must be released because

there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. #14, Part 4). Respondents argue that petitioner's removal is "highly foreseeable," and neither unlawful nor indefinite. (Dkt. #13 at 8-9).

The post-removal-order detention statute, INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas*, 533 U.S. at 701. In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Here, petitioner's claim that he is being held indefinitely in violation of *Zadvydas* lacks merit because he has not demonstrated that his removal to Gambia is not significantly likely in the reasonably foreseeable future. *See Zadvydas* at 701. As indicated in the record, petitioner possesses a valid Gambian passport and no travel documents are required for his removal to Gambia. Thus, the only thing preventing petitioner's removal is his Petition for Review and related stay of removal. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. *See Bequir v. Clark*, Case No. 05-1587-RSM-JPD (Dkt. #23 at 3). Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, petitioner's detention complies with the mandate in *Zadvydas.*

REPORT AND RECOMMENDATION
PAGE – 5

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 10th day of January, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 6